## UNITED STATES of America, Plaintiff—Appellant,

v.

## Dennis Dean EVANS, Defendant— Appellee.

### No. 03–10278.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2004.

Decided Jan. 25, 2005.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Robert E. Lindsay, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Plaintiff–Appellant.

Robert Lyons, Esq., DOJ, Tax Division, Washington, DC, Michael David Stein, Esq., Michael Stein & Associates, Ltd., Las Vegas, NV, for Defendant–Appellee.

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM *

The government appeals the district court's grant of a new trial to Evans. The new trial was granted in "the interest of

justice" pursuant to Federal Rule of Criminal Procedure 33, and our review is for abuse of discretion.[1] There was none. The district court reasonably concluded that the evidence against Evans was too thin, and too tainted by what was admissible only against Tanner, for the verdict to be just.

It does not matter whether, as the government argues, Evans's second motion for new trial was untimely under Federal Rule of Criminal Procedure 33(b)(2), because it was not newly discovered evidence. The reason why it does not matter is that the district court granted Evans's motion in the "interests of justice," and as the government concedes, Evans's first motion on that ground was timely.

We are unable to accept the government's argument that the district court's decision was against the clear weight of the evidence. The evidence against Evans (as opposed to Tanner) was thin. The gravamen of the government's argument is not so much that the evidence against Evans was strong, as that it was, as a matter of law, sufficient to sustain a conviction. That has not been contested by Evans. If the evidence were not sufficient, Evans doubtless would have sought, and been entitled to, a judgment of acquittal, and to double jeopardy protection from a new trial.[2] There can be a new trial only because the evidence was indeed sufficient. The reason the district judge granted the motion was not insufficiency of the evidence, but in the "interests of justice," because Evans's case suffered unduly from the judge's earlier decision, before the government's case was laid out, to deny Evans's motion to sever.

AFFIRMED.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Kellington,* 217 F.3d 1084, 1097 (9th Cir.2000).

2. *See Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).